# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:14-cr-00387-JAD-NJK |
| Plaintiff/respondent | **Order Denying Successive Motion to Vacate & Motion for Appointment of Counsel** |
| v. | |
| Antwan Fortenberry, | [ECF Nos. 168, 169] |
| Defendant/petitioner | |

On November 17, 2016, federal prison inmate Antwan Fortenberry moved under 28 U.S.C. § 2255 to vacate his 2015 conviction (via a guilty plea) for being a felon in possession of a firearm.[1] The following month, I denied Fortenberry's motion, finding that he is not entitled to federal habeas relief on his ineffective-assistance-of-counsel (IAC) claims because he failed to show that his counsel was deficient or that there was a reasonable probability that, but for the alleged errors, he would not have pled guilty and would have insisted on going to trial.[2] Days later, I received a supplemental § 2255 motion, which was dated three days before my order denying Fortenberry's initial § 2255 motion.[3] The supplement contained the same IAC claims as Fortenberry's first motion but added additional legal support for those claims.

While his supplemental § 2255 motion was still pending, Fortenberry filed a notice of appeal of my order denying the initial § 2255 motion, along with an application to proceed in forma pauperis (IFP) on appeal. On February 17, 2017, the Ninth Circuit denied without prejudice Fortenberry's IFP application. The Court indicated in its order that Fortenberry's

---

[1] ECF No. 124.
[2] ECF No. 125.
[3] ECF No. 126.

§ 2255 motion raised an IAC claim that I had failed to address in my dismissal order: that Fortenberry's counsel was ineffective for failing to file a notice of appeal after he asked her to do so.[4] The Ninth Circuit remanded the case so that I could consider that claim.

The following week, I found that Fortenberry had alleged a colorable IAC claim based on his counsel's failure to file a notice of appeal.[5] I gave the government until March 1, 2017, to object to me vacating and re-entering Fortenberry's judgment—so that he could file a timely notice of appeal—instead of first holding an evidentiary hearing to determine whether Fortenberry's IAC allegation was true.[6] The government did not object, so I re-entered Fortenberry's judgment of conviction, and he filed a timely notice of appeal.[7]

Shortly before Fortenberry appealed, I reviewed his supplemental motion and again found that he is not entitled to federal habeas relief on his IAC claims.[8] Given this conclusion and the fact that I had already granted Fortenberry relief on his IAC claim for his counsel's failure to file a notice of appeal, I denied his supplemental motion as moot.[9] On August 20, 2018, the Ninth Circuit dismissed Fortenberry's appeal because his appointed appellate counsel notified the court that there were "no grounds for relief" and Fortenberry failed to file a pro se opening brief.[10]

---

[4] ECF No. 132.
[5] ECF No. 131.
[6] *Id.*
[7] ECF Nos. 135, 138.
[8] ECF No. 136.
[9] *Id.*
[10] *United States v. Fortenberry*, 735 F. App'x 333, 334 (9th Cir. 2018). The Ninth Circuit conducted an "independent review of the record" and found "no arguable issue as to the validity of the waiver." *Id.*

The following week, Fortenberry filed a new § 2255 motion in this court, along with a motion for appointment of counsel.[11] But to file a second or successive § 2255 motion, Fortenberry must first obtain a certification from the Ninth Circuit that his new motion is based on either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[12]

Because the Ninth Circuit has not approved Fortenberry's successive motion, I must deny it.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Fortenberry's motion to vacate his sentence under 28 U.S.C. § 2255 **[ECF No. 168] is DENIED.**

IT IS FURTHER ORDERED that Fortenberry's motion for appointment of counsel **[ECF No. 169] is DENIED as MOOT.**

Dated: October 15, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] ECF Nos. 168–69.

[12] 28 U.S.C. § 2255(h); *see also Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015) ("The Antiterrorism and Effective Death Penalty Act ('AEDPA') 'imposes significant limitations on the power of federal courts to award relief to prisoners who file "second or successive" habeas petitions.'").