# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:14-cr-00387-JAD-NJK |
| Plaintiff/respondent | **Order Granting Defendant's Motion for Reconsideration and Denying his Motion to Vacate on its Merits** |
| v. | |
| Antwan Fortenberry, | [ECF Nos. 168, 182, 187] |
| Defendant/petitioner | |

In 2015, Antwan Fortenberry pled guilty to being a felon in possession of a firearm after he told a police officer that he had a gun during an investigatory stop based on suspicion that Fortenberry was pimping. Because I previously granted in part and denied in part Fortenberry's motion to vacate his sentence under 28 U.S.C. § 2255 that he filed in 2016, I recently denied his latest § 2255 motion as an uncertified successive petition.[1] But in his most recent filing, which I construe as a motion for reconsideration, Fortenberry correctly points out—and the government concedes—that a second § 2255 motion is not considered "successive" if a district court granted the first motion and reentered judgment.[2] I therefore grant the motion for reconsideration and address the merits of his latest § 2255 motion.

But I find that Fortenberry is not entitled to relief. Even if his trial counsel had called Dinah Villasana to the stand during the suppression hearing and she credibly testified that Fortenberry wasn't her pimp, this evidence wouldn't have addressed whether officers reasonably suspected that Fortenberry was pimping and thus whether the stop was valid. And Fortenberry's

---

[1] ECF No. 173.

[2] *See Magwood v. Patterson*, 561 U.S. 320, 323–224 (2010); *Wentzell v. Neven*, 674 F.3d 1124, 1126–27 (9th Cir. 2012) ("[A] numerically second habeas petition challenging a judgment imposed after resentencing was not 'second or successive' under the AEDPA, where the first habeas petition was filed prior to resentencing and challenged the original judgment.").

claim that his counsel failed to inform him of the consequences of pleading guilty is identical to a claim that I denied in his original and supplemental motion to vacate. I therefore deny his latest § 2255 motion and deny him a certificate of appealability.

**Background**

**A.     Investigation, stop, suppression hearing, and plea**

In 2014, detectives with the Las Vegas Metropolitan Police Department's Vice Unit began investigating an online advertisement for an escort service that they believed was promoting prostitution.[3] Acting undercover, one of the detectives called the number listed on the ad and arranged a meeting with a woman—later identified as Dinah Villasana—at a bar in hotel on the Las Vegas Strip.[4] Before the meeting, the detectives attended a briefing with federal agents, who informed the detectives that they had observed Villasana and another woman, Daejanique Benjamin, soliciting prostitution and believed that Fortenberry was their pimp.[5] The detectives also determined prior to the undercover meeting with Villasana that both women had separately been arrested for prostitution.[6] Security footage from a hotel showed that a silver Infiniti SUV had dropped off Benjamin for the meeting that resulted in her arrest.

In October 2014, the undercover detective met Villasana at the agreed upon time and place. At the same time, another officer was surveilling the hotel from his car and saw a silver Infiniti SUV drop off Villasana.[7] The officer believed it was the same SUV he had seen a

---

[3] ECF No. 97 at 1 (report and recommendation following evidentiary hearing on motion to suppress).
[4] *Id*. at 1–2.
[5] *Id*. at 4.
[6] *Id*. at 3–4.
[7] *Id*. at 5.

2

picture of during the briefing. At the hotel bar, Villasana and the undercover detective negotiated a price for sex.[8] As they headed towards the detective's hotel room, he revealed that he was a police officer and arrested Villasana for solicitation of prostitution.

Meanwhile, the officer who spotted the SUV dropping off Villasana followed the car to a nearby strip mall.[9] After the SUV parked, the officer recognized Fortenberry as the driver. That officer was then ordered to leave the strip mall, and two other officers were ordered to initiate a traffic stop of the SUV.[10] As these officers arrived, they parked their police cruiser behind the SUV to block it in. One of the officers then walked up to the driver's door and asked Fortenberry whether he had any weapons or drugs on him.[11] Fortenberry responded that he had a gun in his waistband, so the officer handcuffed him and removed the gun from his pants.[12]

After Fortenberry was charged with being a felon in possession of a firearm, he moved to suppress evidence of his statement and the gun.[13] Magistrate Judge Koppe held an evidentiary hearing, determined that the officers testified credibly, found that the final officer's encounter with Fortenberry was an investigatory stop rather than an arrest, and recommended holding that reasonable suspicion supported the stop.[14] I overruled Fortenberry's subsequent objections, adopted the report and recommendation, and denied his motion to suppress.[15]

---

[8] *Id.* at 2.
[9] *Id.* at 5.
[10] *Id.* at 6.
[11] *Id.* at 7.
[12] *Id.*
[13] ECF No. 33.
[14] ECF No. 97.
[15] ECF No. 113.

3

Fortenberry eventually reached a plea agreement with the government.[16] After canvassing him, I found that Fortenberry was making a knowing and voluntary decision and thus allowed him to change his plea to guilty.[17] I later sentenced Fortenberry and entered judgment.[18]

**B.     Post-conviction filings**

In November 2016, Fortenberry filed his first § 2255 motion.[19] I denied the motion, finding that he was not entitled to federal habeas relief on his ineffective-assistance-of-counsel (IAC) claims because he failed to show that his counsel was deficient or that there was a reasonable probability that, but for the alleged errors, he would not have pled guilty and would have insisted on going to trial.[20] Days later, I received a supplemental § 2255 motion, which was dated three days before my order denying Fortenberry's initial § 2255 motion.[21] The supplement contained the same IAC claims as Fortenberry's first motion but added more legal support for those claims.

While his supplemental § 2255 motion was still pending, Fortenberry filed a notice of appeal of my order denying the initial § 2255 motion, along with an application to proceed in forma pauperis (IFP) on appeal. In February 2017, the Ninth Circuit denied without prejudice Fortenberry's IFP application. The Court indicated in its order that Fortenberry's § 2255 motion raised an IAC claim that I had failed to address in my dismissal order: that Fortenberry's counsel

---

[16] ECF No. 119.
[17] ECF No. 117.
[18] ECF Nos. 120–21.
[19] ECF No. 124.
[20] ECF No. 125.
[21] ECF No. 126.

4

was ineffective for failing to file a notice of appeal after he asked her to do so.[22] The Ninth Circuit remanded the case so that I could consider that claim.

The following week, I found that Fortenberry had alleged a colorable IAC claim based on his counsel's failure to file a notice of appeal.[23] I gave the government 10 days to object to me vacating and re-entering Fortenberry's judgment—so that he could file a timely notice of appeal—instead of first holding an evidentiary hearing to determine whether Fortenberry's IAC allegation was true.[24] The government did not object, so I re-entered Fortenberry's judgment of conviction, and he filed a timely notice of appeal.[25]

Shortly before Fortenberry appealed, I reviewed his supplemental motion and again found that he is not entitled to federal habeas relief on his IAC claims.[26] Given this conclusion and the fact that I had already granted Fortenberry relief on his IAC claim for his counsel's failure to file a notice of appeal, I denied his supplemental motion as moot.[27] In August 2018, the Ninth Circuit dismissed Fortenberry's appeal because his appointed appellate counsel notified the court that there were "no grounds for relief" and Fortenberry failed to file a pro se opening brief.[28]

---

[22] ECF No. 132.
[23] ECF No. 131.
[24] *Id*.
[25] ECF Nos. 135, 138.
[26] ECF No. 136.
[27] *Id*.
[28] *United States v. Fortenberry*, 735 F. App'x 333, 334 (9th Cir. 2018). The Ninth Circuit conducted an "independent review of the record" and found "no arguable issue as to the validity of the waiver." *Id*.

5

The following week, Fortenberry filed a new § 2255 motion in this court, along with a motion for appointment of counsel.[29] Because § 2255 requires that a federal prisoner obtain certification from the Ninth Circuit before filing a successive motion to vacate, and Fortenberry hadn't sought one before filing his second motion, I deemed the motion procedurally barred and later denied him a certificate of appealability.[30] Fortenberry then appealed to the Ninth Circuit. While that appeal was pending, he also filed a document styled as a "Motion Appealing Denial of Certificate of Appeallability [sic]" with both the Ninth Circuit and this court.[31] The government recommends that I treat the filing as a motion for reconsideration of my denial of Fortenberry's motion as an uncertified successive petition.[32] But it argues that I should nonetheless deny his motion on its merits, to which I now turn.

## Discussion

**A.  Reasonable suspicion supported the traffic stop.**

Fortenberry first argues that his trial counsel was ineffective because she failed to conduct adequate pre-trial discovery and thus failed to call Villasana as a witness during the suppression hearing.[33] In support, he includes a letter from Villasana in which she doesn't appear to deny that she solicited the uncover detective but asserts that Fortenberry merely gave her a ride to her hotel that day and that he "does not know what [she] do[es] . . . ."[34] Fortenberry argues that this evidence would have undercut the conclusion that he was Villasana's pimp and

---

[29] ECF Nos. 168–69.
[30] ECF Nos. 173, 183.
[31] ECF No. 187.
[32] ECF No. 188.
[33] ECF No. 168 at 12.
[34] *Id*. at 13–14.

6

thus shown that the police lacked reasonable suspicion to initiate the traffic stop that resulted in him revealing his gun.[35]

But even if Villasana had been called to the stand and Magistrate Judge Koppe deemed her credible, Villasana's possible testimony would not have altered the suppression hearing's outcome. Evidence of whether Fortenberry was in fact pimping does not address whether the police had reasonable suspicion to believe that he had aided and abetted Villasana's prostitution by dropping her off at the hotel to meet the undercover detective. And as addressed in my order denying Fortenberry's suppression motion, numerous facts gave rise to reasonable suspicion.[36] Officers had evidence prior to the stop that Fortenberry was pimping Villasana and Benjamin, who were both arrested for prostitution not long before the undercover operation that resulted in Fortenberry's arrest. The officer who saw the silver Infiniti SUV drop off Villasana knew that a car of the same make, model, and color had dropped off Benjamin a few months earlier for an encounter with a John. That officer followed the SUV during the undercover operation to a nearby strip mall and confirmed that Fortenberry was the driver. And, as another officer testified, it is common for a pimp to wait nearby while a prostitute finishes her encounter so that he can then pick her up.[37] Accordingly, Villasana's possible testimony would have done nothing

---

[35] *See id*. at 13–14. Fortenberry asserts that the officers needed probable cause to approach him, but in denying his motion to suppress, I ruled that his initial encounter with the officers was a traffic stop rather than an arrest. ECF No. 113 at 4–7. Reasonable suspicion is therefore the appropriate standard. *United States v. Lopez-Soto*, 205 F.3d 1101 at 1104–05 (9th Cir. 2000).

[36] ECF No. 113 at 7–8.

[37] *Id*. at 8.

to undercut these facts and thus not altered the likelihood of Fortenberry's gun being suppressed.[38]

**B. Fortenberry previously represented that he thoroughly discussed his plea agreement with his attorney and understood that he was giving up his right to go to trial.**

Fortenberry also contends that his trial counsel failed to inform him about the consequences of pleading guilty. This is a carbon copy of an argument in his supplement to his original § 2255 motion,[39] which I rejected because he had represented in his written plea agreement and change-of-plea hearing "that he had adequate time to discuss his case, the evidence, and the plea agreement with his attorney, and that he in fact had thoroughly discussed the plea agreement with his attorney."[40] Fortenberry's newest motion provides no new evidence to undermine this conclusion, so I again deny him relief on this basis.

**C.  I Deny Fortenberry a Certificate of Appealability.**

To appeal this order, Fortenberry needs a certificate of appealability from a circuit or district judge.[41] In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

---

[38] *Strickland v. Washington*, 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

[39] ECF No. 126 at 9–13.

[40] ECF No. 125 at 2.

[41] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

further."[42]  Although this standard is "lenient,"[43] I find that Fortenberry's claims are devoid of merit, so I deny the certificate.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Antwan Fortenberry's motion for reconsideration **[ECF No. 187] is GRANTED.**  Having reconsidered his § 2255 motion on its merits, I again **DENY his motion to vacate his sentence [ECF No. 168]** and **DENY him a certificate of appealability.**  The Clerk of Court is directed **to enter a separate amended civil judgment denying Fortenberry's § 2255 petition and denying a certificate of appealability.**  The Clerk must also file this order and the civil judgment in this case and in the related civil case: **2:18-cv-01656**.

IT IS FURTHER ORDERED that Fortenberry's motion for transcripts **[ECF No. 182] is DENIED as MOOT.**

Dated: July 18, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[42] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks omitted).

[43] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).